218 N.W.2d 246 (1974)
192 Neb. 33
Frank RENNA, Appellant,
v.
BISHOP'S CAFETERIA COMPANY OF OMAHA, a corporation, Appellee.
No. 39319.
Supreme Court of Nebraska.
May 23, 1974.
*247 Ralph R. Bremers, Omaha, for appellant.
Eisenstatt, Higgins, Kinnamon & Okun, John S. Okun, Omaha, for appellee.
Heard before WHITE, C. J., and SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON and BRODKEY, JJ.
SPENCER, Justice.
Plaintiff seeks to recover damages as a result of being served food which was allegedly unwholesome, adulterated, and not fit for human consumption. The trial court sustained defendant's motion for a directed verdict. Plaintiff perfected this appeal. We affirm.
Plaintiff had breakfast at Bishop's Cafeteria in Omaha at approximately 9:20 a.m., October 25, 1968. Plaintiff, who was 63 years of age, had eaten a light lunch and a light evening meal the previous day and had nothing else to eat until this breakfast which consisted of several grapefruit sections, two fried eggs, hash browns, a roll, and a cup of coffee. He had eaten lightly the day before pursuant to his physician's instructions, preparatory for a cholesterol test which was made approximately an hour before his breakfast at Bishop's. Plaintiff testified the eggs were on the cool side and didn't taste just right. He began to experience stomach pains about 12:30 p.m. that day. These pains were mild at first but shortly became more severe and he began to feel nauseated, vomited, and experienced diarrhea. He was admitted to the hospital at approximately 6 p.m. that day.
Doctor Maurice E. Stoner, who had been plaintiff's personal physician for a number of years, diagnosed plaintiff's affliction as acute pancreatitis, and stated his opinion that the precipitating cause was the food purchased at Bishop's Cafeteria. He found no evidence of either food poisoning or food infection in treating plaintiff, but the hospital did not look for such evidence. Doctor Stoner stated in regard to acute pancreatitis there is an underlying cause which no one understands and a precipitating cause. The precipitating cause could be alcohol, gallstones, emotional upset, or a hearty meal. The doctor felt the meal which plaintiff consumed at Bishop's Cafeteria was a hearty meal. It was his testimony that a wholesome meal could be the precipitating cause and could bring on the symptoms of pancreatitis. He also testified that fasting followed by a hearty meal could bring on symptoms of pancreatitis, whether the food was wholesome or otherwise. Plaintiff's doctor was unable to state with reasonable medical certainty that plaintiff consumed infected or poisoned food on October 25, 1968. He had no opinion as to whether plaintiff was suffering from food poisoning or food infection when he examined plaintiff at the hospital. He further testified that it would be speculation to say plaintiff had food poisoning or food infection.
A restaurateur engaged in serving food to paying guests for immediate consumption on the premises impliedly warrants that the food so served is wholesome and fit for human consumption and is liable for injuries to such person proximately *248 caused by a breach thereof without proof of negligence. Zorinsky v. American Legion (1956), 163 Neb. 212, 79 N.W.2d 172. Before this rule becomes applicable, however, there must be proof that the food sold is unwholesome and not fit for human consumption. Plaintiff wholly failed to produce proof to sustain this issue.
True, plaintiff experienced difficulties approximately 3 hours after consuming his breakfast. His personal physician diagnosed his ailment as acute pancreatitis and testified the precipitating cause was the food consumed at Bishop's Cafeteria. However, he could not say that this meant the food was unwholesome, or tainted in any way. He testified a wholesome meal could have had the same effect. Doctor Stoner had no opinion as to whether plaintiff was suffering food poisoning or food infection when he examined him at the hospital. He further testified it would be speculation to say that food poisoning or food infection was present. The most plaintiff proved is he became ill following the ingestion of his breakfast at Bishop's. This, however, does not prove that the food eaten was unwholesome. His medical evidence indicates his condition could have been brought on because he ate a hearty breakfast after fasting.
A motion for a directed verdict for the purpose of decision thereon must be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor, and to have the benefit of every inference that can reasonably be deduced from the evidence. Crane v. Whitcomb (1955), 160 Neb. 527, 70 N.W.2d 496.
In every case, before the evidence is submitted to the jury, there is a preliminary question for the court to decide, when properly raised, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed. Moats v. Lienemann (1972), 188 Neb. 452, 197 N.W.2d 377.
The above rules are controlling. On the record, we conclude plaintiff failed to meet his burden of proof and the trial court did not err in granting defendant's motion for a directed verdict.
The judgment of the District Court is affirmed.
Affirmed.